## ALLEN v. VAN HOUTEN.

In Error to the Circuit Court of Passaic.

If one heir at law become grantee of his co-heir, of his share of the reversion of leasehold premises, he cannot maintain an action in his own name for

rent which had accrued, and become payable, after the death of the ancestor, and before he became such grantee of the reversion.

Argued and decided orally at May term, 1842.

STATE OF THE CASE.   Van Houten sued Allen in a court for the trial of small causes, in covenant : and set forth in his state of demand, that E. V. H. his deceased ancestor, on the 1st March, 1824, executed a lease of certain premises, for twenty years, to one I. W. C. for the yearly rent of twenty dollars. That on the 13th August, 1825, the interest of the lessee in the said premises, was sold and assigned by the sheriff of the county of Essex, to one W. C. who, on the 27th May, 1826, assigned the same to one J. G. and that the said J. G. on the 19th May, 1827, assigned the same to the defendant.   That the defendant entered and occupied the premises, from the day last mentioned, until the death of the said E. V. H. the lessor, on the 23d of February, 1835, and from thence until the 1st of April, 1837 : and that there had accrued to the plaintiff "*as heir at law of the said E. V. H. and grantee of Albert Van Saun and Jane his wife, sister and co-heir of the plaintiff*," for rent from the death of said E. V. H. to the 1st April, 1837, the sum of sixty dollars, which defendant refused to pay, &c.

The justice gave judgment for the plaintiff for sixty-eight dollars and forty cents, damages, with costs.   The defendant appealed, and the court of Common Pleas, gave judgment against him for still more.   The proceedings were then removed by *Certiorari*, into the Circuit Court, of the county of Passaic, and the judgment of the court of Common Pleas, was by the said Circuit Court, in all things affirmed, with costs.   And thereupon this writ of error was brought.   The cause was argued by

*E. B. D. Ogden* and *I. H. Williamson* for plaintiff in error.

*J. Speer* for defendant.

Opinion of the Court.

HORNBLOWER, C. J.   It is unnecessary to consider any of the errors assigned in this case, except that which denies the plaintiff's right to recover any thing in this action, as assignee of his

sister. It seems to me this objection was entirely overlooked by the learned judge in the opinion delivered by him, at the Circuit Court.

The plaintiff below sued in the double capacity of *heir at law* of the *lessor*, and as assignee of Albert Van Saun and his wife. These two claims cannot be united in one action. The breach, so far as any is assigned in the state of demand, is the non-payment to him by the defendant, of sixty dollars of rent, which had become due to him, " as heir at law of the lessor, and as grantee of Albert Van Saun and Jane his wife, sister and co-heir of the plaintiff." How, or when, " grantee :" or of what ? Or if grantee of any portion of the inheritance, of how much of it ? Of the whole or only of a part of her share ? Or how many heirs at law the ancestor left, are matters altogether uncertain.

But if the state of demand had been more specific on this subject, it could not have helped the plaintiff. If he and his sister were the only heirs at law of the lessor, she could not assign to him a right of action for rent accrued on the lease, while they were joint owners of the reversion. The action is for the whole rent which had accrued from the day of the ancestor's death. If indeed, the plaintiff had, on that very day, become the grantee of his sister's estate in the reversion, supposing she was the only other heir, then he could recover all the subsequently accruing rent, in his own name. But this is not alleged in the state of demand ; nor is it true in fact : for the release or grant from Van Saun and wife, to the plaintiffs, which was proved and read in evidence on the trial, was dated the 20th April, 1836. So that more than one year's rent had accrued to the heirs at law, before the assignment was made by Van Saun and wife to the plaintiff. On this ground, therefore, I think the judgment ought to be reversed.

But there is another objection apparent on the face of these proceedings. By the terms of the lease, the rent became due annually, on the 1st day of March. The lessor died on the 23d February, 1835. The action was brought for the rent accrued from the death of the lessor, up to the 1st of April, 1837: amounting as alleged in the state of demand, to sixty dollars. Now from 23d February, 1835, when Mrs. Van Houten died, to the 1st of April, 1837, is only two years, one month and five days :

and yet judgment was given by the Justice and afterwards by the Common Pleas, for more than *three years* rent, viz: by the former, for sixty-eight dollars and forty cents, and by the latter, for sixty-nine dollars and sixty cents; and more than this: it was for rent up to the 1st of April, when by the terms of the lease, rent was payable only on the first day of March annually. Hence it is apparent, on the very face of the proceedings, that judgment was demanded, and given, not only for one year's rent more than was due; but for rent accrued, from the 1st March, 1837, to the 1st April, 1837; and for which the plaintiff had no right of action, until the 1st March, 1838.

The judgments of the Justice, the court of Common Pleas, and of the Circuit Court, must all be reversed.

*All the judgments reversed.*